**Norman E. WEGGENMANN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1249.**

United States Court of Veterans Appeals.

July 13, 1993.

As Amended July 15, 1993.

J. Eileen Duncan, was on the pleadings, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Judges.

MANKIN, Judge.

Appellant appeals a March 13, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied an increased evaluation for bilateral hammertoes, currently rated as 10% disabling. The Secretary of Veterans Affairs (Secretary) has submitted a motion for summary affirmance. The Court has jurisdiction over the case pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. BACKGROUND

Appellant served on active duty from January 1946 to August 1947. R. at 1. On May 5, 1948, he was service connected with a 10% rating for "hammertoes, last 4 toes, bilateral," effective August 9, 1947. R. at 1. Appellant's feet were examined in August 1950. He complained of corns on the toes and calluses on the bottom of the feet, and pain along the tibia of both legs when walking long distances. The examining physician observed that appellant walked without a limp. An examination of the feet revealed moderate pes cavus (foot deformity characterized by an abnormally high arch, WEBSTER'S MEDICAL DESK DICTIONARY 534 (1986)), bilateral, with marked bilateral hammertoes of the second, third, fourth, and fifth toes. No abnormal findings were made with regard to appellant's "great" or first toe. R. at 8. An x-ray of the right foot revealed moderate hammertoe deformity, with no evidence of bone or joint disease. R. at 10. The diagnosis was "hammertoes, last four toes, bilateral[;] metatarsalgia, secondary to drop of transverse metatarsal arch[;] pes cavus, bilateral, moderate." R. at 8. In January 1990, appellant submitted a claim for an increased rating for his service-connected hammertoes disability. R. at 13. The record contains medical reports of treatment at a Department of Veterans Affairs (VA) medical facility on January 18, 1990, for problems other than a foot condition. The medical reports contain no complaints or medical evaluations of appellant's feet. R. at 14–20. On March 23, 1990, the VA Regional Office (RO) denied an increased rating for bilateral hammertoes. R. at 21.

On May 4, 1990, the VA received a letter from appellant advising that he had not yet requested a medical examination for hammertoes, but that the VA should schedule one if they deemed it necessary. R. at 24. In June 1990, appellant filed a Notice of Disagreement with the March 1990 rating decision. R. at 27. Subsequently, he filed a 1–9 Form, appeal to the BVA and re-

quested a personal hearing and an examination. R. at 31.

A personal hearing was held at the RO on September 17, 1990. Appellant's service representative began the hearing by stating that "[the] initial rating, May 5, 1948, was clearly and unmistakably erroneous since ... diagnostic code [5282] is used for a unilateral condition rather than a bilateral condition." R. at 33–34. Appellant testified that he has trouble walking distances of more than two or three blocks, he is unable to fully flex his big toe due to stiffness, and sometimes he has calluses which he removes himself. R. at 39–40. Appellant stated that he has not sought treatment for his disability since he was examined in August 1950 because he was afraid that his feet would be amputated. He testified that he had seen private doctors a few times to have calluses and corns removed; however, he could not recall the specific dates. R. at 37.

During the course of the hearing appellant was asked to remove his shoes and socks so that the medical member of the rating board could examine his feet. During the examination appellant stood in an erect position with his full weight bearing on his feet. The board member observed that he was able to flex the big toes to a relatively normal degree and that he stood on his toes with some support. No hallux valgus (abnormal deviation of the big toe away from the midline body or toward the other toes of the foot, WEBSTER'S MEDICAL DESK DICTIONARY 280) was detected. There was a slight deviation of the big toe bilaterally, but the remaining four digits were not laterally deviated. There was a slight prominence of the dorsum of each toe on both feet and thickening of the skin over each joint. The flexion of appellant's lateral four digits was somewhat limited. R. at 44. The hearing officer issued a decision in September 1990 which confirmed denial of an increased rating. R. at 49. In October 1990, a rating board found that there was no clear and unmistakable error (CUE) in the rating action of May 5, 1948. R. at 54.

## II.  ANALYSIS

### A.  Clear and Unmistakable Error

■ Appellant contends that the May 1948 rating decision was clearly and unmistakably erroneous because the RO rated appellant's disability unilaterally when it should have assigned a separate 10% evaluation for each foot. The Secretary counters that appellant's 10% rating was awarded by the May 1948 RO decision despite the fact that he did not satisfy the criteria for a compensable rating at the time of the decision, and that he therefore, cannot be a candidate for a higher rating.

Pursuant to 38 C.F.R. § 4.71a, diagnostic code 5282 (1992), hammertoe of *"all* toes, unilateral without claw foot" warrants a 10% rating. (Emphasis added.) Hammering of single toes is noncompensable. Reviewing all of the evidence of record, the Board determined that appellant has never demonstrated hammering of *all* toes on either foot as required for a compensable evaluation under the rating criteria, and that although appellant mentioned claw foot on one occasion, it was not shown during the 1950 VA examination or since that time. *Norman E. Weggenmann,* BVA 90–48458, at 3 (Mar. 13, 1991). Nevertheless, the Board noted that appellant's 10% rating assigned in May 1948 is protected. 38 C.F.R. § 3.951(b) (no reduction where disability continuously rated for twenty or more years except upon a showing that such rating was based on fraud). Accordingly, the BVA concluded that an evaluation in excess of 10% for bilateral hammertoes was not warranted under the rating schedule.

■ Once the BVA has considered CUE in previous adjudications, the Court's review is limited to determining whether the BVA decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *See* 38 U.S.C.A. § 7261(a)(3)(A) (West 1991); *Russell v. Principi,* 3 Vet.App. 310, 315 (1992) (en banc). The plain language of the regulation requires hammering of all toes, including the first or big toes, for a 10% evaluation for each foot. The evidence of record does not indicate hammertoe deformity of

appellant's "great" toes. Therefore, the Court holds that the Board's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *Id.*

## B. Duty to Assist

 Appellant argues that the examination of his feet by a medical member of the rating board during his September 17, 1990, personal hearing was inadequate and that he is entitled to a full and complete examination by an orthopedic specialist. In its decision, the Board conceded that the examination of appellant's feet by a medical member of the RO rating board was not an adequate orthopedic examination for rating purposes. Nevertheless, the Board found that, "considering the history of this disability coupled with [the] observations [of the board member,] we find that an orthopedic examination would be of little value." *Weggenmann,* BVA 90–48458, at 3.

 Once an appellant has presented a well-grounded claim, the Secretary has a duty to assist the veteran in "developing the facts pertinent to the claim." 38 U.S.C.A. § 5107(a) (West 1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 423 (1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). The duty to assist includes providing a thorough and contemporaneous medical examination, which takes into account prior medical evaluations and treatment. *Baker v. Derwinski,* 2 Vet.App. 315 (1992); *Green v. Derwinski,* 1 Vet.App. 121 (1991). Appellant's most recent examination took place in 1950. In July 1990 appellant claimed that his disability had increased and he specifically requested an examination. Where an appellant claims that his condition is worse than when originally rated, and the available evidence is too old for an adequate evaluation of appellant's current condition, the VA's duty to assist includes providing a new examination. *Proscelle v. Derwinski,* 2 Vet.App. 629 (1992). The VA should have conducted an adequate examination to determine the current level of appellant's service-connected hammertoes disability. The examination by the medical member of the board at appellant's hearing was both inadequate for rating purposes and ill-advised.

## III. CONCLUSION

Whether the BVA's ultimate conclusions are correct or not, the incomplete nature of the BVA's decision does not afford the Court an opportunity for proper review. *Sammarco v. Derwinski,* 1 Vet.App. 111, 113 (1991). Therefore, this case must be remanded to allow the Secretary to fulfill his duty to assist appellant by providing a thorough examination of appellant's feet by a physician who has reviewed his medical history. On remand, the Board shall consider any additional medical opinions or other evidence offered by the veteran. The new decision issued by the Board shall include an adequate statement of "reasons or bases" for its findings and conclusions as required by 38 U.S.C.A. § 7104(d)(1) (West 1991). *Gilbert v. Derwinski,* 1 Vet. App. 49 (1990). Accordingly, the March 13, 1991, decision of the Board is VACATED and the matter REMANDED for further action consistent with this opinion.