Citation Nr: 1008494 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-02 707 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, 
New York


THE ISSUE

Entitlement to an increased evaluation for service-connected 
status post left knee arthroscopy, currently evaluated as 10 
percent disabling.


REPRESENTATION

Appellant represented by: New York State Division of 
Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. J. In, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1994 to 
February 1996. 

This matter comes properly before the Board of Veterans' 
Appeals (Board) on appeal from a July 2007 rating decision by 
the Department of Veterans Affairs (VA) Regional Office in 
New York, New York (RO).

In September 2009, the Veteran testified at a hearing before 
the undersigned Acting Veterans Law Judge sitting at the RO. 
A transcript of the hearing has been associated with the 
claims folder.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.


REMAND

The Veteran is seeking an increased evaluation in excess of 
10 percent for her service-connected status post left knee 
arthroscopy. Based upon its review of the Veteran's claims 
file, the Board finds that there is a further duty to assist 
the Veteran with her claim herein. 38 U.S.C.A. § 5103A (West 
2002); 38 C.F.R. § 3.159 (2009).

VA is generally required to make reasonable efforts to assist 
a claimant in obtaining evidence necessary to substantiate 
the claim. 38 U.S.C.A. § 5103A(a) (West 2002). This duty to 
assist includes the conduct of a thorough and comprehensive 
medical examination. Robinette v. Brown, 8 Vet. App. 69, 76 
(1995). VA's duty to assist includes providing a new medical 
examination when a Veteran asserts or provides evidence that 
a disability has worsened and the available evidence is too 
old for an adequate evaluation of the current condition. 
Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993); see also 
Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (finding that 
the Board should have ordered a contemporaneous examination 
of Veteran because a 23-month old exam was too remote in time 
to adequately support the decision in an appeal for an 
increased rating).

In this case, the Veteran last underwent a VA examination in 
March 2007, approximately 3 years ago. The Veteran also 
testified at a September 2009 hearing before the Board that 
her symptomatology for status post left knee arthroscopy had 
worsened. The Board therefore concludes that an additional 
VA examination is needed to provide a current picture of the 
Veteran's service-connected status post left knee 
arthroscopy. 38 C.F.R. §§ 3.326, 3.327 (2009).

Accordingly, the case is REMANDED for the following actions:

1. The RO must contact the Veteran and 
afford her the opportunity to identify or 
submit any additional pertinent evidence 
in support of her claim. Based on her 
response, the RO must attempt to procure 
copies of all records which have not 
previously been obtained from identified 
treatment sources. All attempts to secure 
this evidence must be documented in the 
claims file by the RO. If, after making 
reasonable efforts to obtain named records 
the RO is unable to secure same, the RO 
must notify the Veteran and (a) identify 
the specific records the RO is unable to 
obtain; (b) briefly explain the efforts 
that the RO made to obtain those records; 
and (c) describe any further action to be 
taken by the RO with respect to the claim. 
The Veteran must then be given an 
opportunity to respond.

2. The Veteran also should be afforded an 
examination by an examiner with 
appropriate expertise to determine the 
nature and extent of all functional 
impairment due to her service-connected 
left knee disability. The claims folder 
must be made available to and reviewed by 
the examiner.

All indicated studies, including X-rays 
and range of motion studies in degrees, 
should be performed.

In reporting the results of range of 
motion testing, the examiner should 
identify any objective evidence of pain 
and the specific excursion(s) of motion, 
if any, accompanied by pain. To the extent 
possible, the examiner should assess the 
degree of severity of any pain.

The examiner should provide an opinion 
concerning the degree of severity of any 
instability or subluxation of the knee. 
The examiner should also determine if the 
knee locks and if so the frequency of the 
locking.

Tests of joint movement against varying 
resistance should be performed. The extent 
of any incoordination, weakened movement 
and excess fatigability on use should also 
be described by the examiner. If feasible, 
the examiner should assess the additional 
functional impairment due to weakened 
movement, excess fatigability, or 
incoordination in terms of the degree of 
additional range of motion loss.

The examiner should also express an 
opinion concerning whether there would be 
additional limits on functional ability on 
repeated use or during flare-ups (if the 
veteran describes flare-ups), and, to the 
extent possible, provide an assessment of 
the functional impairment on repeated use 
or during flare-ups. If feasible, the 
examiner should assess the additional 
functional impairment on repeated use or 
during flare-ups in terms of the degree of 
additional range of motion loss.

The examiner should describe, in detail, 
any current neurological manifestations 
associated with the Veteran's service 
connected left knee disability. 

The examiner should also provide an 
opinion concerning the impact of the 
service-connected left knee disability on 
the Veteran's ability to work. The 
rationale for all opinions expressed 
should also be provided.

A complete rationale for all opinions must 
be provided. The report must be typed.

3. The examination report must be 
reviewed to ensure that it is in complete 
compliance with the directives of this 
remand. If the report is deficient in any 
manner, the RO must implement corrective 
procedures.

4. The RO must notify the Veteran that it 
is her responsibility to report for the 
scheduled examination and to cooperate in 
the development of the claim. The 
consequences for failure to report for a 
VA examination without good cause may 
include denial of the claim. 
38 C.F.R. §§ 3.158, 3.655 (2009). In the 
event that an examination is scheduled and 
the Veteran does not report, documentation 
must be obtained which shows that notice 
scheduling the examination was sent to the 
last known address. It must also be 
indicated whether any notice that was sent 
was returned as undeliverable.

5. After completing the above actions and 
any other development as may be indicated 
by any response received as a consequence 
of the actions taken in the paragraphs 
above, the claim must be readjudicated. 
If the claim remains denied, a 
supplemental statement of the case must be 
provided to the Veteran and her 
representative. After the Veteran and her 
representative have had an adequate 
opportunity to respond, the appeal must be 
returned to the Board for appellate 
review.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).



_________________________________________________
DAVID L. WIGHT
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).