Citation Nr: 1008490 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 07-40 179 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, 
California

THE ISSUES

1. Entitlement to service connection for an acquired 
psychiatric disorder, to include posttraumatic stress 
disorder, depressive disorder, psychosis, and schizophrenic 
reaction. 

2. Entitlement to service connection for Hepatitis C.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

K. McDonald, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the United States Navy 
from July 1963 to July 1967.

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from rating decisions issued in June 2005 
and July 2007 by the Department of Veterans Affairs (VA) 
Regional Office (RO) in Oakland, California which, 
respectively, declined to reopen the Veteran's claim for 
service connection for posttraumatic stress disorder (PTSD) 
and denied entitlement to service connection for Hepatitis C.

The Veteran appeared before the undersigned Veterans Law 
Judge in a Travel Board hearing in Oakland, California in 
October 2009 to present testimony on the issues on appeal. 
He submitted additional evidence at that time, with a waiver 
of RO consideration of that evidence. The hearing transcript 
has been associated with the claims file.

The Board notes that, in addition to PTSD, this Veteran has 
been variously diagnosed with multiple other psychiatric 
disorders, to include depressive disorder, psychosis, 
schizophrenic reaction, polysubstance abuse and others. The 
United States Court of Appeals for Veterans Claims has held 
that the scope of a mental health disability claim includes 
any mental disability that may reasonably be encompassed by 
the claimant's description of the claim, reported symptoms, 
and the other information of record. Clemons v. Shinseki, 23 
Vet. App. 1 (2009). The Board recognizes that new and 
material evidence would generally be required prior to 
adjudication of the previously denied claim of service 
connection for PTSD. See 38 C.F.R. § 3.156. However, at the 
time of the last final denial of the Veteran's claim in 
December 2001 and at the time of the RO's most recent 
adjudication in November 2007, the Clemons case had not yet 
been decided. Thus as might be expected, VA has not 
considered alternative current psychiatric diagnoses within 
the scope of the current claim. Cf. Velez v. Shinseki, 23 
Vet. App. 199, 205 (2009) (interpreting the holding in 
Clemons in the context of a new and material evidence 
determination where the RO was found to have considered "any 
diagnosed psychiatric condition that could be related to 
service") (emphasis in original). 

In light of the prevailing case law, the evidence currently 
of record, and VA's desire to give the Veteran every possible 
consideration with respect to his claim for benefits, the 
Board has reframed the issue of service connection to include 
any currently diagnosed acquired psychiatric disorder and 
finds that a de novo review by the RO is warranted. In all, 
the Board finds it equitable and just to characterize the 
issue on appeal as reflected on the cover page above.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.

REMAND

A thorough review of the record reveals that additional 
evidentiary development is required before the issues of 
entitlement to service connection for an acquired psychiatric 
condition and Hepatitis C are ready for Board adjudication. 
See 38 C.F.R. § 19.9 (2009). Although the Board sincerely 
regrets the delay, it is necessary to ensure that there is a 
complete record upon which to decide the Veteran's claims so 
that he is afforded every possible consideration.

Initially the Board notes that the Veteran is shown to 
receive compensation from the Social Security Administration 
(SSA). See, e.g., SSA documentation submitted by Veteran, 
April 1995. The record does not explicitly identify this as 
disability compensation; however it appears that this is the 
likely nature of the award based upon the available evidence 
within the claims file. VA has a duty to acquire a copy of a 
decision granting SSA disability benefits and the supporting 
medical documents upon which such a decision was based. See 
Hayes v. Brown, 9 Vet. App. 67 (1996). The Veteran's SSA 
records must be requested prior to adjudication of the 
service connection claims currently on appeal. 

Furthermore, the Board is required to seek a medical opinion 
if the information and evidence of record does not contain 
sufficient competent medical evidence to decide the claim, 
but contains competent lay or medical evidence of a current 
disability, establishes that the Veteran suffered an event, 
injury or disease in service, and indicates that the current 
disability may be associated with the in-service event, 
injury or disease. 38 U.S.C.A. § 5103A(d) (West 2002); 
38 C.F.R. § 3.159(c)(4) (2009). 

In this case, the Veteran was last afforded a VA Compensation 
and Pension examination for his psychiatric conditions in 
July 1992. VA's duty to assist includes the conduct of a 
thorough and comprehensive medical examination. Robinette v. 
Brown, 8 Vet. App. 69 (1995). When available evidence is too 
old for an adequate evaluation of a veteran's current 
condition, VA's duty to assist includes providing a new 
examination. Weggenmann v. Brown, 5 Vet. App. 281 (1993). 

To this end, it is necessary to discuss all theories of 
entitlement raised in the record, either by the claimant or 
in the medical evidence. Robinson v. Mansfield, 21 Vet. App. 
545, 550-51 (2009). Notably, the record is not found to 
contain credible evidence of a verifiable stressor to support 
a claim of service connection for PTSD at the time of this 
remand; however, there is evidence to suggest that some other 
currently diagnosed psychiatric disability may be associated 
with in-service events. To be clear, service connection 
established in this manner does not require substantiation of 
a verifiable stressor. 38 C.F.R. § 3.303. As there is a 
very low threshold for the duty to assist to attach in 
providing an examination in such circumstances, the Board 
finds that a new examination is now required for a fair 
adjudication of this claim. See McLendon v. Nicholson, 20 
Vet. App. 79, 83 (2006).

In particular, the Veteran's service treatment records 
reflect that during military service in Vietnam in October 
1966 the Veteran reported to sick call (abbreviated in the 
record as sc) in a "nervous state of mind" after realizing 
that he had done something wrong some time earlier in the 
week. He stated that he was "scared." Service treatment 
records, October 1966. Documented symptomatology at the time 
included nervousness, inability to retain food, and loss of 
sleep. The Veteran was noted to start crying after receiving 
an injection of 50 mg of Thorazine, then returned to work in 
a better frame of mind after resting. Additional service 
treatment record notations reflect vague complaints of 
insomnia, tiredness, and malaise. Id. A medical opinion is 
required to determine whether there is a medical relationship 
between any currently diagnosed psychiatric disorder and the 
symptoms noted during the Veteran's military service on a 
direct basis. 38 C.F.R. §§ 3.159, 3.303. 

Also, chronic psychoses shall be granted service connection 
although not otherwise established as incurred in or 
aggravated by service if manifested to a compensable degree 
within one year from the date of separation from military 
service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a). Psychoses are 
defined for VA purposes as including Brief Psychotic 
Disorder, Delusional Disorder, Psychotic Disorder Due to 
General Medical Condition, Psychotic Disorder Not Otherwise 
Specified, Schizoaffective Disorder, Schizophrenia, 
Schizophreniform Disorder, Shared Psychotic Disorder, and 
Substance-Induced Psychotic Disorder. 38 C.F.R. § 3.384 
(2009). This Veteran has previous diagnoses of schizophrenic 
reaction and psychosis not otherwise specified as documented 
in the record. See VA in-patient discharge report, May 2006; 
VA examination, July 1992. Thus, the psychiatric examiner is 
asked to determine whether psychosis is currently present, 
and if so, whether it was manifest to a compensable degree 
within one year from the Veteran's discharge. 

In reaching this determination, the examiner should consider 
and discuss the suicide attempt in 1967 or 1968 reported by 
the Veteran in his October 2009 hearing testimony. The 
Veteran reports that he was treated at Englewood Hospital in 
Chicago, Illinois in conjunction with this event. As the 
identified treatment records are relevant to the Veteran's 
claim for service connection, they must be sought. 38 C.F.R. 
§ 3.159(c). 

The examiner should also consider and discuss the Veteran's 
statements regarding symptoms experienced during military 
service, and the Veteran's and other lay statements of 
continuous psychiatric symptoms since service. Dalton v. 
Nicholson, 21 Vet. App. 23 (2007) (holding that an 
examination was inadequate where the examiner did not comment 
on the Veteran's report of in-service injury but relied on 
the service medical records to provide a negative opinion). 

It is also noted that personality disorders are not diseases 
or injuries within the meaning of applicable legislation 
providing compensation benefits. 38 C.F.R. 
§§ 3.303(c), 4.9; see also Winn v. Brown, 8 Vet. App. 510, 
516 (1996). Nevertheless, disability resulting from a mental 
disorder that is superimposed upon a personality disorder may 
be service-connected. See VAOPGCPREC 82-90; 38 C.F.R. § 
4.127 (2009). As such, the examiner is asked to determine 
whether the Veteran is currently diagnosed with a personality 
disorder, and if so, whether there is other mental disability 
superimposed on a personality disorder. 

Due to the duration of the Veteran's psychiatric illness, 
multiple overlapping diagnoses, and overall complexity of the 
varying medical evidence in this case, the Board must rely on 
the examining VA physician to carefully consider each of the 
elements requested by the Board and offer a thorough medical 
opinion that describes the Veteran's current psychiatric 
disability, or disabilities, in sufficient detail so that the 
Board's evaluation will be a fully informed one. It is 
imperative that the medical examination report contain not 
only clear conclusions with supporting data, but also a 
reasoned medical explanation connecting the two. See Nieves- 
Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. 
Nicholson, 21 Vet. App. 120, 124 (2007). 

The Board also notes that the most recent VA treatment 
records that have been associated with the claims file are 
dated in November 2008. All relevant VA treatment records 
created since that time should be obtained and associated 
with the claims file. The Board notes that during the 
appellate period, the Veteran reports treatment at VA 
facilities in Palo Alto, a Stockton clinic, and a Miller Park 
PTSD program (possibly a misspelling of Menlo Park). See 
Board hearing transcript, October 2009. The Appeals 
Management Center/RO is asked to ensure that all relevant VA 
treatment records have been associated with the claims file 
from the facilities described by the Veteran. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Social Security 
Administration to obtain a copy of the 
decision and all medical records relied 
upon in conjunction with any successful 
claim for SSA disability benefits for 
this Veteran.

2. Contact the appropriate entity to 
determine the availability of private 
medical records of treatment for a 
suicide attempt from Englewood Hospital 
in Chicago, Illinois in 1967 or 1968, 
as described in October 2009 hearing 
testimony. If more precise dates are 
required to facilitate a meaningful 
search, the Veteran should be contacted 
for clarification. If available, 
records of the reported treatment 
should be obtained. 

3. Ensure that all relevant VA medical 
records are associated with the claims 
file. In particular, all treatment 
records from November 2008 forward and 
any outstanding records from facilities 
described as Palo Alto, a Stockton 
clinic, and a "Miller Park" PTSD 
program (possibly Menlo Park) should be 
obtained. Duplicates of outpatient 
records currently contained within the 
claims file need not be resubmitted.

4. Any and all records obtained through 
the above development efforts must be 
associated with the claims file. If any 
identified record is unavailable, the RO 
should so specifically state, and the 
documentation used in making that 
determination should be set forth in the 
claims file. All attempts to obtain 
these records, including those which may 
ultimately prove unsuccessful, must be 
documented in the claims folder.

5. AFTER completion of the above 
development, schedule the Veteran for a 
VA psychiatric examination to determine 
the nature and etiology of any currently 
diagnosed mental disorder. The Veteran's 
claims file and a copy of this remand 
should be made available to the examiner 
for review. All necessary studies and 
tests must be conducted. 

The examiner is specifically requested 
to:

(a) State all currently diagnosed 
psychiatric disabilities, specifically 
identifying any personality disorder 
therein;

(b) If any personality disorder is 
identified, opine whether there is 
disability resulting from a mental 
disorder that is superimposed upon such 
personality disorder; 

(c) Review the Veteran's service 
treatment records and lay statements to 
determine if symptoms reportedly 
experienced during service, specifically 
to include as described in the treatment 
notation dated October 19, 1966, are at 
least as likely as not (probability of 50 
percent or greater) an early 
manifestation of any currently diagnosed 
psychiatric disorder;

(d) Review the Veteran's reported 
history of suicide attempt in 1967 or 
1968, to include any private medical 
record of contemporaneous treatment 
obtained pursuant to this remand; 

(e) Opine whether it is at least as 
likely as not that any currently existing 
psychoses (as defined by 38 C.F.R. 
§ 3.384 and listed above) were present 
within one year from discharge from 
active military service, i.e. on or 
before July 25, 1968; 

(f) Opine whether any current 
psychiatric disability was otherwise 
incurred in or aggravated by active 
military service. 

Please provide an adequate supporting 
rationale for each opinion offered. 

6. Thereafter, readjudicate the issues 
on appeal. If the determinations remain 
unfavorable to the Veteran, he and his 
representative must be furnished a 
Supplemental Statement of the Case which 
addresses all evidence associated with 
the claims file since the last Statement 
of the Case. The Veteran and his 
representative should be afforded the 
applicable time period in which to 
respond.

The case should then be returned to the Board for further 
appellate consideration, if otherwise in order. The Board 
intimates no opinion as to the outcome of this case. The 
appellant need take no action until so informed. The purpose 
of this REMAND is to ensure compliance with due process 
considerations.

The appellant has the right to submit additional evidence and 
argument on the matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

The purpose of the examination requested in this remand is to 
obtain information or evidence (or both) which may be 
dispositive of the appeal. Therefore, the Veteran is hereby 
placed on notice that pursuant to 38 C.F.R. § 3.655 (2009) 
failure to cooperate by attending the requested VA 
examination may result in an adverse determination. See 
Connolly v. Derwinski, 1 Vet. App. 566, 569 (1991).

These claims must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
C. TRUEBA 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).