Citation Nr: 1326649 
Decision Date: 08/21/13 Archive Date: 08/29/13

DOCKET NO. 11-30 707 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a rating greater than 20 percent for left ankle fracture residuals.


REPRESENTATION

Appellant represented by: Jan Dils, Attorney


ATTORNEY FOR THE BOARD

Andrew Mack, Counsel

INTRODUCTION

The Veteran served on active duty from August 2006 to July 2007. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office in Winston-Salem, North Carolina.

The Board has not only reviewed the Veteran's physical claims file but also the Veteran's file on the "Virtual VA" system to ensure a total review of the evidence. 

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the Veteran if further action is required.


REMAND

The most recent VA examination of the Veteran's left ankle injury is dated in September 2010, nearly three years ago. In an April 2012 statement, the Veteran's attorney indicated that the Veteran's disability had increased in severity. See Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993);VAOPGCPREC 11-95 (1995).

Also, the record reflects that the Veteran has been receiving treatment from the VA Charlotte Community Based Outpatient Clinic (CBOC). The most recent VA treatment records in the claims file are dated in July 2009.

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA medical records related to the Veteran's left ankle fracture residuals from the Charlotte Community Based Outpatient Clinic (CBOC), dated from July 2009 to the present. All records and/or responses received should be associated with the claims file. 

2. Schedule the Veteran for a VA examination to ascertain and evaluate the current level of severity of his left ankle fracture residuals. The claims file should be made available to the examiner in conjunction with the examination. Any medically indicated special tests should be accomplished. The examiner should report the extent of the Veteran's disability in accordance with VA rating criteria.

3. After completing the above development, and any other development deemed necessary, readjudicate the issue on appeal. If the benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran and his attorney, and return the appeal to the Board for appellate review, after the Veteran has had an adequate opportunity to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).