Citation Nr: 1326644 
Decision Date: 08/21/13 Archive Date: 08/29/13

DOCKET NO. 11-28 984 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUES

1. Entitlement to service connection for a seizure disorder.

2. Entitlement to an increased evaluation (rating) in excess of 20 percent for lumbar spine recurrent L5-S1 disk herniation with L5-S1 fusion (lumbar spine disability).


REPRESENTATION

Appellant represented by: Paralyzed Veterans of America, Inc.


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel

INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from April 1992 to October 1995.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota, which, in pertinent part, denied an increased rating in excess of 20 percent for a lumbar spine disability and denied service connection for a seizure disorder. 

In a November 2011 statement, the Veterans' representative indicated that the assignment of a 10 percent rating for left lower extremity radiculopathy in September 2011 was not being appealed. In the November 2012 statement, the Veteran's representative indicated that the disabilities associated with the lumbar spine disabilities had increased in severity including radiating pain. A January 2012 VA treatment record noted complaints of radiculopathy. The issue of entitlement to a rating in excess of 10 percent for S1 radiculopathy of the lower left extremity associated with the lumbar spine disability appears to have been raised and is referred to the AMC/RO for the appropriate action. 

The issue of an increased rating in excess of 20 percent for lumbar spine recurrent L5-S1 disk herniation with L5-S1 fusion is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC.


FINDING OF FACT

In November 2012, prior to the promulgation of a decision in the appeal of the issue of entitlement to service connection for a seizure disorder, the Veteran, through his representative, requested that the appeal be withdrawn. 


CONCLUSION OF LAW

The criteria for withdrawal of the issue of entitlement to service connection for a seizure disorder have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 
38 C.F.R. § 20.204 (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In a November 2012 written statement, the Veteran, through his representative, withdrew the appeal regarding the issue of entitlement to service connection for a seizure disorder and, therefore, there remain no allegations of errors of fact or law for appellate consideration regarding that issue. Accordingly, the Board does not have jurisdiction to review the appeal regarding the claim for service connection for a seizure disorder, and it is dismissed.


ORDER

The appeal regarding the issue of entitlement to service connection for a seizure disorder is dismissed.


REMAND

The Veteran is seeking an increased rating in excess of 20 percent for service-connected lumbar spine disability. Upon review of the claims file, the Board finds there is a further duty to assist the Veteran in this claim. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2012).

The Veteran is entitled to a new VA examination where there is evidence that the condition has worsened since the last examination. Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993); Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95. The Veteran was last afforded VA examinations in July 2010 (spine examination) and in December 2010 (peripheral nerves examination). In a written statement dated November 2012, the representative noted that the Veteran's lumbar spine disability has increased in severity to the point that he may undergo an additional surgery in efforts to alleviate the loss in range of motion and radiating pain. The representative noted that the Veteran was waiting for the Sioux Falls VA Medical Center (VAMC) to schedule the procedure. 

Although the mere passage of time is insufficient to require a new VA examination, the U.S. Court of Appeals for Veterans Claims (Court) has held that, where a veteran claims that a disability is worse than when originally rated, and the available evidence is too old to adequately determine the current state of the disability, VA must provide a new examination. See Palczewski v. Nicholson, 
21 Vet. App. 174 (2007), see also Olsen v. Principi, 3 Vet. App. 480, 482 (1992). In light of the representative's contention that the Veteran's lumbar spine disability has worsened since his last VA examinations, the Board finds that a new VA examination is warranted. 

Further, the last VA treatment record is dated January 11, 2012 from the Sioux Falls VAMC and January 31, 2012 from the VA Nebraska-Western Iowa VAMC. On remand, updated VA treatment records should be obtained and associated with the claims file or the Virtual VA electronic claims file.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should obtain all treatment records from the Sioux Falls VAMC from January 11, 2012 to the present and from the Nebraska-Western Iowa VAMC from January 31, 2012 to the present. Any documents received by VA should be associated with the record. Any negative responses should be properly documented in the record.

2. Then, schedule the Veteran for a VA spine examination in order to assess the current severity of his lumbar spine disability. Any and all indicated evaluations, studies and tests deemed necessary by the examiner should be accomplished. The relevant documents in the claims file should be reviewed by the VA examiner in connection with the examination.

3. Thereafter, the issue of an increased rating in excess of 20 percent for lumbar spine recurrent L5-S1 disk herniation with L5-S1 fusion should be readjudicated. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided with a supplemental statement of the case and afforded the appropriate time period within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs