Citation Nr: 1438761 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 98-15 947A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to a higher evaluation for right knee post-operative medial meniscectomy, currently rated at 10 percent.

2. Entitlement to a higher evaluation for right knee arthritis, currently rated at 10 percent.

3. Entitlement to service connection for a dental disability, both for VA disability compensation and outpatient treatment purposes. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel


INTRODUCTION

The Veteran has active service for in excess of 20 years, including from July 1963 to July 1969, from July 1971 to July 1975, and from July 1980 to July 1985. This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Offices (ROs) in Los Angeles, California, and Cleveland, Ohio. 

The originally appealed issue with regard to the right knee was that of increased evaluation for medial meniscectomy, right knee, with arthritis, and the Board simply recharacterizes it as distinct claims in light of separate ratings assigned in the May 2000 rating decision. Moreover, in light of the Veteran's assertions as to scope of dental disability (that the underlying jawbone may be involved), this claim is deemed one for disability compensation as well as outpatient treatment. 

The Board previously considered this matter in December 2005, deciding some issues then on appeal, and remanding others. The basis for remand of the claim for service connection for dental disability was to confirm that the Veteran still intended to pursue this matter, which he and his representative later confirmed in June 2007 was in fact the case. By rating decisions in the interim service connection has since been granted for bilateral shoulder, low back, bilateral hip disorders. Hence, those claims are no longer before the Board. 

A July 2014 Board videoconference hearing was held before the undersigned Veterans Law Judge.
 
The Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS) both contain relevant documents and evidence, considered in pertinent part by the RO's April 2014 Supplemental Statement of the Case (SSOC) on the issue of increased rating for right knee disorder, status-post medial meniscectomy. The Board is remanding the appeal, this will provide for appropriate RO consideration of the evidence with regard to the other issues on appeal.

Review of VBMS also denotes a recently raised claim for service connection for residuals, facial injury to include scars. This matter has not been adjudicated yet by the Agency of Original Jurisdiction (AOJ), and must be referred there for proper disposition. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Remand is required regarding the knee claims for an updated examination. VA's duty to assist includes providing a new medical examination when a veteran asserts or provides evidence that a disability has worsened and the available evidence is too old for an adequate evaluation of the current condition. Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993); 38 C.F.R. § 3.326(a) (2013). The most recent examination is at least three years old. At the 2014 Board hearing, the Veteran asserted that his right knee disabilities had worsened. Accordingly, the RO must provide the Veteran with a current examination. 

Remand is required regarding the dental claim for a medical opinion. VA's duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2013). The RO did not provide the Veteran with an examination. Here, there is evidence of an in-service trauma, including the Veteran's assertions (supported to an extent by in-service documentation) of precipitating traumatic injury to the teeth and jaw in 1967 when the hatch from an armored personnel carrier accidentally hit him upon the face. Additionally, there are current dental disorders. Accordingly, remand is required. 

Prior to obtaining these examinations/opinions, an inquiry to obtain previously identified VA and private treatment records should be completed.

Accordingly, the case is REMANDED for the following action:

1. Contact the Greater Los Angeles VA Healthcare System and request all pertinent outstanding treatment records for the Veteran dated since March 2011. Then associate all records obtained with the Veteran's paper or electronic claims file. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

2. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination any relevant medical records, to include High Desert Group and Smile Care dental clinic. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.

3. After all records are associated with the claims file, schedule the Veteran for a VA examination to determine the current severity of his service-connected right knee disorders. The claims folder must be provided to and reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed, and all findings should be set forth in detail. 

The VA examiner must indicate all present symptoms and manifestations attributable to the service-connected right knee disorder. The examiner must report complete range of motion findings. The examiner must indicate whether pain or weakness significantly limits functional ability during flare-ups or when the measured joint is used repeatedly over a period of time. The examiner must determine whether the joint exhibits weakened movement, excess fatigability or incoordination. If feasible, these determinations should be expressed in terms of additional range of motion loss due to any weakened movement, excess fatigability or incoordination. 

It is further requested that the VA examiner comment upon the extent of any other impairment of the right knee, involving recurrent subluxation and/or lateral instability, and if present, characterize this as slight, moderate or severe in degree. Also, determine the extent to which the Veteran currently has damage sustained to the right knee cartilage as a consequence of service-connected right knee disability. If there is dislocated cartilage present, then indicate further whether there is additional manifestation of frequent episodes of joint locking, pain, and effusion.

4. After any records are associated with the claims file, schedule the Veteran for a VA dental examination. The claims folder must be provided to and reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed, and all findings should be set forth in detail. The examiner must include in the examination report an explanation for any opinion expressed. 

The VA examiner must determine whether the Veteran currently has any dental condition which is manifested by loss of substance of body of maxilla or mandible, or of the soft tissue surrounding that region. If this is the case, then please indicate whether it is at least as likely as not (50 percent or greater probability) that the diagnosed dental condition is etiologically related to an incident of the Veteran's service, including the incident in 1967 where he was struck by the hatch of an armored personnel carrier (see documentation in service records).

Provided there is not indication of a dental disability manifested by bone or soft tissue loss (or for that matter, one such condition that is service-related), then the examiner must indicate whether the Veteran at least as likely as not has any current dental disability otherwise attributable to the identified incident of dental trauma during military service (including but not limited to subsequent lost or damaged teeth). 

5. Then review the claims file. If the directive specified in this remand has not been implemented, appropriate corrective action should be undertaken before readjudication.

6. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. The AOJ must explicitly consider the dental claim for service connection and the claim for outpatient treatment. If the claims remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).