﻿Citation Nr: 18107542
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 15-09 797
DATE: June 4, 2018
REMANDED
Entitlement to an evaluation in excess of 10 percent for peripheral neuropathy, left lower extremity, is remanded.
Entitlement to an evaluation in excess of 10 percent for peripheral neuropathy, right lower extremity, is remanded.
REASONS FOR REMAND
The Veteran served on active duty from December 1966 to June 1980. These matters come before the Board of Veteran Appeals (Board) on appeal from a November 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

The Veteran seeks entitlement to increased evaluations for his service-connected peripheral neuropathy, left lower extremity, and peripheral neuropathy, right lower extremity. Unfortunately, the Board finds that additional development must be undertaken before these claims can be adjudicated on the merits. 

Additional evidence relevant to the Veteran’s claims was received since the most recent Statement of the Case was issued in January 2015, and there has not been waiver of RO consideration of this additional evidence by the Veteran or his representative. Specifically, this additional evidence consisted of VA treatment records developed by VA (to include a February 2016 VA foot examination), rather than evidence submitted by the Veteran. The Board acknowledges that the Veteran filed a substantive appeal (VA Form 9) on March 2015, and that § 501, Public Law No. 112-154, 126 Stat. 1165 amended 38 U.S.C. § 7105 by adding new paragraph (e). Under that provision, if new evidence is submitted with or after a Substantive Appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration. Currently, VA has not interpreted this automatic waiver of initial RO review of evidence submitted to the RO or to the Board at the time of or subsequent to the submission of a substantive appeal after February 2, 2013, to extend to evidence that was not submitted by the Veteran, such as evidence that was gathered separately pursuant to the duty to assist (i.e., developed by VA). Hence, although the VA Form 9 addressing the issues on appeal here was received after February 2, 2013, as the additional evidence was not submitted by the Veteran, the provisions of 38 C.F.R. § 1304(c) requires that such evidence be reviewed by the RO prior to appellate consideration, unless the claimant or the claimant’s representative waives RO consideration of such evidence in writing.
In addition, the Veteran was last provided with a VA examination relevant to the disabilities at issue in January 2012, over six years ago. However, evidence added to the record since that time suggests that the Veteran's service-connected bilateral peripheral neuropathy has worsened in severity. For instance, while the January 2012 VA examination report indicated that the Veteran was not taking gabapentin to treat his peripheral neuropathy, VA treatment records dated in 2016 indicated that he was prescribed gabapentin 600 milligrams to treat his peripheral neuropathy. VA's duty to assist includes conducting a thorough and comprehensive medical examination. Baker v. Derwinski, 2 Vet. App. 315 (1992); Green v. Derwinski, 1 Vet. App. 121 (1991). This includes providing a new medical examination when a Veteran provides evidence that a disability has worsened and the available evidence is too old for an adequate evaluation of the current condition. Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993). In light of the above, the Board finds that there is credible evidence that the Veteran's service-connected peripheral neuropathy of the bilateral lower extremities may have worsened since his last examination. Accordingly, the Board concludes that a new examination is warranted to determine the current extent and severity of the Veteran's peripheral neuropathy of the bilateral lower extremities. 38 C.F.R. § 3.159(c)(4)(i) (2017); see Snuffer v. Gober, 10 Vet. App. 400 (1997) (holding that the Veteran is entitled to a new VA examination where there is evidence that the condition has worsened since the last examination).

The matters are REMANDED for the following action:
1. Schedule the Veteran for a VA examination to evaluate the current severity of his service-connected peripheral neuropathy, left lower extremity, and peripheral neuropathy, right lower extremity. The examiner must review the claims file in conjunction with the examination. All medically indicated tests, including nerve conduction studies, should be accomplished, and all subjective complaints and objective symptoms must be documented. 
2. Thereafter, readjudicate the issues on appeal. If the full benefits sought on appeal are not granted, then the Veteran and his attorney should be provided with a Supplemental Statement of the Case which addresses all evidence received since the January 2015 Statement of 
 
the Case and afforded the appropriate opportunity to respond thereto. Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order.

 
U. R. POWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Anthony M. Flamini, Counsel