﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210409-151437
DATE: April 30, 2021

ORDER

A rating greater than 30 percent for interstitial lung disease and asbestosis (“respiratory disability”) is denied.

A rating greater than 10 percent for gastric acid reflux and Barrett’s esophagus (“Barrett’s esophagus”) is denied. 

FINDINGS OF FACT

1. A respiratory disability manifests by subjective reports of difficulty breathing and shortness of breath; objective testing did not demonstrate FVC of 50- to 64-percent predicted value, DLCO (SB) of 40- to 55-percent predicted value; or maximum exercise capacity of 15 to 20 ml/kg/min oxygen consumption with cardiorespiratory limitation.

2. Barrett’s esophagus was present throughout the period on appeal; the competent evidence does not indicate persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health.

CONCLUSIONS OF LAW

1. The criteria for a rating greater than 30 percent for interstitial lung disease and asbestosis have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.31, 4.97, Diagnostic Code (DC) 6833. 

2. The criteria for a rating greater than 10 percent for gastric acid reflux and Barrett’s esophagus have not been met. 38 U.S.C. §§ 1155; 38 C.F.R. §§ 4.7, 4.114, DC 7399-7346. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from March 1963 to July 1966, including foreign and/or sea service. 

These matters are before the Board of Veterans’ Appeals (Board) on appeal of a December 2020 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). Given the date of this rating decision, the Veteran’s appeal is governed by the modernized review system (known by the Board as AMA). 38 C.F.R. § 19.2. On his Notice of Disagreement (NOD), the Veteran selected the direct review lane. Thus, the Board shall consider all evidence of record at the time of the December 2020 rating decision herein. 38 C.F.R. § 20.301.

Increased Ratings

As these appeals require similar analyses, they will be addressed simultaneously.

Historically, the Board awarded service connection for a respiratory disability and Barrett’s esophagus in April 2019 and June 2020 decisions, respectively. A September 2019 rating decision awarded an initial 30 percent rating for the respiratory disability, and a June 2020 rating decision awarded an initial 10 percent rating for Barrett’s esophagus. The Veteran did not submit an NOD with respect to the initial ratings as assigned. See 38 C.F.R. §§ 20.201(b), 20.302(a).

Rather, the Veteran submitted two increased ratings claims in August 2020. As such, the matters on appeal are construed as increased rating (rather than initial rating) claims.

For the Veteran’s own understanding, the Board will thus consider all evidence from August 2019 (one year prior to the date of receipt of the increased rating claims) through December 2020 (the date of the rating decision on appeal) in assessing the merits of these appeals. See 38 C.F.R. § 3.400(o)(2); 38 C.F.R. § 20.301.

Disability ratings are determined by the applications of the VA’s Schedule for Rating Disabilities. 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during service and their residual conditions in civil occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1.

As reported above, the Veteran is currently in receipt of a 30 percent rating for his respiratory disability under DC 6833. Thus, a 60 percent rating is warranted upon evidence of the following:

• Forced Vital Capacity (FVC) of 50- to 64-percent predicted value; or Diffusion Capacity of the Lung for Carbon Monoxide by Single Breath Method (DLCO (SB)) of 40- to 55-percent predicted value; or maximum exercise capacity of 15 to 20 ml/kg/min oxygen consumption with cardiorespiratory limitation.

When evaluating disabilities based on pulmonary function tests (PFTs), post-bronchodilator results are used in applying the evaluation criteria in the rating schedule unless the post-bronchodilator studies are poorer that the pre-bronchodilator results. 38 C.F.R. § 4.96 (d)(5). In other words, the Board will typically report the results most favorable to a veteran. 

The Veteran is also in receipt of a 10 percent rating for his Barrett’s esophagus under DC 7399-7346. Generally, hyphenated diagnostic codes are used when an unlisted disability is at issue. See 38 C.F.R. § 4.27. The second diagnostic code provides further detail regarding the origins of the unlisted disability, the bodily functions affected, the symptomatology, and anatomical location. Thus, the diagnostic code following the hyphen is the diagnostic code by which the disability is evaluated by analogy. Accordingly, the Veteran’s disability has been rated as a hiatal hernia.

Accordingly, a 30 percent rating is warranted upon evidence of the following:

• Persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health.

Upon review of the record, there is no basis upon which to grant these appeals. 

As an initial matter, the Board notes that the Veteran did not undergo relevant VA examinations during the period on appeal. However, an AMA appeal may only be remanded to correct a pre-decisional duty to assist or notify error, and such errors are not found in this case.  38 C.F.R. § 20.802. 

Importantly, the mere filing of a claim does not activate the right to a VA examination. 38 C.F.R. § 3.326, 3.327. Rather, an examination is warranted, in part, if there is a need to verify the current severity of a disability. Id. Such a need does not exist in this case, as the Veteran’s current ratings were assigned in September 2019 and June 2020, and his request for increased ratings was received in September 2020. Thus, the existing evidence is sufficiently contemporaneous to the period on appeal to competently and credibly speak to the current severity of the Veteran’s disabilities. Critically, the Veteran has not offered any argument or evidence which speaks to a potential worsening of his disabilities or identified any such evidence to be obtained. Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993). Accordingly, VA examinations are not warranted in this case. 

Instead, the claims file contains limited VA and private treatment records for consideration. Collectively, these records are silent for the Veteran’s service-connected lung disability, to include current symptoms or the treatment thereof. Although his history of Barrett’s esophagus is repeatedly documented, this evidence is similarly silent for current symptoms or related treatment. 

Rather, the Veteran underwent private endoscopy in June 2020, yielding diagnoses of mild chronic gastritis and Barrett’s esophagus. No helicobacter pylori organisms or intestinal metaplasia were seen, and testing was indefinite for dysplasia. No additional signs or symptoms were reported, and no treatment plan identified, at that time. 

In his August 2020 claim, the Veteran reported his intent to undergo an additional endoscopy to clarify the prior indefinite dysplasia results. However, there is no evidence that such testing was completed or that additional private treatment records exist. 

Also in August 2020, the Veteran requested a higher rating for his lung disability due to difficulty breathing and shortness of breath which regularly left him “gasp[ing] for air.” Layno v. Brown, 6 Vet. App. 465, 469 (1994).

Thus, the evidence simply does not establish the requisite disability pictures to warrant higher ratings for the Veteran’s disabilities. Notably, the record is silent for the Veteran’s respiratory disability but for an August 2020 lay statement detailing difficulty breathing and shortness of breath. These symptoms are properly contemplated in the 30 percent rating as assigned, as the criteria under DC 6833 establish such a rating in cases of moderate respiratory distress. The Veteran has not undergone specific FVC or DLCO (SB) testing during the period on appeal, nor is there sufficient evidence to warrant new testing at this time. Importantly, the Veteran has also not identified any outstanding evidence to be obtained. As such, the evidence does not establish such moderately severe limitations as to warrant a higher rating in this case.

Similarly, the record does not establish that the Veteran experiences persistently recurrent epigastric distress accompanied by arm or shoulder pain and productive of considerable impairment due to his Barrett’s esophagus. Rather, the medical evidence simply corroborates the Veteran’s ongoing diagnoses, without reporting as to any current symptoms or treatment. The Veteran has also offered no lay testimony in this respect, including that which would merit the need for a new examination; further, he has not identified any outstanding evidence to be obtained. In the absence of evidence which speaks to the Veteran’s disability picture, the Board cannot conclude that the requisite disability picture for a higher rating is present in this case. Rather, the appeal must be denied.

In both appeals, the Board has considered the Veteran’s contention that higher ratings are warranted in this case. However, he lacks the medical training and expertise to competently assess the nature and severity of his disabilities against the relevant DCs. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Instead, greater probative value is offered to the medical evidence, as the examiners possess the requisite expertise to render opinions regarding the degree of impairment caused by the Veteran’s disabilities and had sufficient facts and data on which to base their conclusions. In this respect, the Board finds that the medical evidence supports the findings offered herein.

Finally, the Board seeks to offer a point of clarification to the Veteran. In an August 2020 statement, he contends that his overall disability rating has been improperly calculated. In effect, he argues that his current ratings—including a 30 percent rating for a respiratory disability, a 10 percent rating for Barrett’s esophagus, and a 10 percent rating for tinnitus—combine to a 50 percent overall rating rather than 40 percent, as currently assigned.

Unchanged since 1945, the “Combined Ratings” regulation, 38 C.F.R. § 3.323, directs that “[w]hen there are two or more service-connected compensable disabilities a combined evaluation will be made following the tables and rules prescribed in the 1945 Schedule for Ratings Disabilities.” Id.; 38 C.F.R. § 3.323(a)(1). The combined ratings table in § 4.25 is one such table. 29 Fed. Reg. 6718-01. 

In creating this table, VA recognized that arithmetically adding disability ratings may result in a rating greater than 100 percent, which is impermissible. Instead, the table is designed to capture “the efficiency of the individual as affected first by the most disabling condition, then by the less disabling condition, then by other less disabling conditions, if any, in the order of severity.” 38 C.F.R. § 4.25. Each disability receives its own rating, and then the multiple ratings are combined using the formula in the table. 

Combined ratings are determined by using the Combined Ratings Table in Table I of 38 C.F.R. § 4.25. To use Table I, the disabilities are first arranged in the exact order of their severity, beginning with the greatest disability and then combined using Table I; the figures appearing in the space where the column and the row intersect represent the combined value of the two. This combined value is then converted to the nearest number divisible by 10; combined values ending in 5 are adjusted upward. If there are more than two disabilities, the combined value of the first two disabilities is charted against the third disability using Table I. The same procedure is used if there are four or more disabilities. 38 C.F.R. § 4.25(a).

In applying the Combined Ratings Table, the Veteran’s first two disabilities (30 percent combined with 10 percent) yield a combined rating of 37. A 37 percent rating combined with the remaining 10 percent rating yields a combined rating of 43 percent. The nearest number divisible by 10 is 40 percent, such that this is the appropriate combined evaluation in this case.

The portion of the Combined Ratings Table which is relevant to this case has been attached below, for the Veteran’s review.

Table I—Combined Ratings Table

[10 combined with 10 is 19]

 10 20 30 40 50 60 70 80 90

19 27 35 43 51 60 68 76 84 92

20 28 36 44 52 60 68 76 84 92

21 29 37 45 53 61 68 76 84 92

22 30 38 45 53 61 69 77 84 92

23 31 38 46 54 62 69 77 85 92

24 32 39 47 54 62 70 77 85 92

25 33 40 48 55 63 70 78 85 93

26 33 41 48 56 63 70 78 85 93

27 34 42 49 56 64 71 78 85 93

28 35 42 50 57 64 71 78 86 93

29 36 43 50 57 65 72 79 86 93

30 37 44 51 58 65 72 79 86 93

31 38 45 52 59 66 72 79 86 93

32 39 46 52 59 66 73 80 86 93

33 40 46 53 60 67 73 80 87 93

34 41 47 54 60 67 74 80 87 93

35 42 48 55 61 68 74 81 87 94

36 42 49 55 62 68 74 81 87 94

37 43 50 56 62 69 75 81 87 94

Accordingly, the Veteran is in receipt of the proper combined evaluation in accordance with VA laws and regulations.

In sum, the preponderance of the evidence is against the claims, and there is no doubt to be resolved. Accordingly, the appeals seeking higher ratings are hereby denied.

Of final note, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

J. NICHOLS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Kovarovic, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.