Citation Nr: 1340179 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 12-35 008 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a neck disability, to include as secondary to a service-connected disability.

2. Entitlement to a disability rating in excess of 20 percent for mechanical low back pain, status post segmental injury L5-S1 region.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

M. J. In, Counsel



INTRODUCTION

The Veteran served on active duty from July 1977 to August 1978.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In his September 2013 substantive appeal, the Veteran stated that since January 2012 he has been getting injections in his back for lower back pain and the pain clinic nurse, T.P., in a March 2012 record, stated that his back has gotten worse. The record reflects that the Veteran last underwent a VA spine examination in August 2011. Consequently, to ensure that the record reflects the current severity of the Veteran's service-connected low back disability, the Veteran should be provided a more contemporaneous VA examination. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159; see also Green v. Derwinski, 1 Vet. App. 121, 124 (1991) (VA has a duty to provide the veteran with a thorough and contemporaneous medical examination); Weggenmann v. Brown, 5 Vet. App. 281 (1993) (VA has a duty to provide an examination when there is evidence that the disability has worsened since the previous examination).

Additionally, the Board observes that the most recent VA treatment records currently associated with the claims file is dated August 2011. In this regard, the Veteran indicated in September 2011 that all his treatment was at the VA Medical Center (VAMC) Murfreesboro, Tennessee. Records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Thus, the case must be remanded for the RO to obtain and associate with the claims file all outstanding VA treatment records from the VAMC in Murfreesboro, Tennessee, specifically including the March 2012 VA treatment record referenced in the Veteran's September 2013 VA Form-9 (Appeal to the Board of Veterans' Appeals).

With regard to the Veteran's claim of service connection for a neck disability, he contends that he sustained a head injury in a motor vehicle accident while on active duty. He claims that he suffered a chronic neck pain since the alleged injury. Alternatively, the Veteran stated his September 2013 substantive appeal, that the nurse in March 2012 told him that his back injury was a contributing part of why he experiences stiffness and pain in the neck. To that effect, a disability which is proximately due to or results from another disease or injury for which service connection has been granted shall be considered a part of the original condition. See 38 C.F.R. § 3.310(a). When aggravation of a veteran's nonservice-connected condition is proximately due to or the result of a service-connected condition, such veteran shall be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. Id.; see also Allen v. Brown, 7 Vet. App. 439, 448 (1995).

In disability compensation claims, VA must provide a medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for VA to make a decision on the claim. 38 U.S.C.A. § 5103A(d)(2), 38 C.F.R. § 3.159(c)(4)(i); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006). The third prong, which requires that the evidence of record "indicates" that the claimed disability or symptoms "may be" associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83.

The medical evidence of record shows a diagnosis of slight degenerative disc disease of the cervical spine at C4-6. Further, the Veteran's service treatment records reflect that he suffered a head trauma in service. Therefore, based on the Veteran's competent lay testimony of record, the Board finds that a VA examination is warranted to adequately decide the merits of this claim. McLendon, 20 Vet. App. at 83; also see Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that a lay witness is competent to testify to that which the witness has actually observed and is within the realm of his or her personal knowledge). The Board also points out that this examination must specifically address the claimed secondary relationship between the Veteran's current neck disability and his service-connected low back disability.

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records from the VA Medical Center in Murfreesboro, Tennessee, and any associated outpatient clinics dated from April 2011 to the present. All records and/or responses received should be associated with the claims file.

2. Following completion of the above requested action, schedule the Veteran for a VA orthopedic examination in order to determine whether the Veteran's current neck disability is related to his military service, or his service-connected low back disability. The claims file should be made available to the examiner in conjunction with the examination. Pertinent documents should be reviewed, including service treatment records and the Veteran's statements. Any and all indicated evaluations, studies, and tests should be accomplished.

The examiner should provide an opinion regarding as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's neck disability is related to service, to include the motor vehicle accident in service. 

The examiner should also offer an opinion as to whether the Veteran's neck disability is at least as likely as not (i.e. 50 percent probability or more) either proximately caused by or aggravated by one or more of his service-connected disabilities, including mechanical low back pain, status post segmental injury L5-S1 region.

Aggravation is defined as permanent worsening beyond the natural progression of the disease.

A complete rationale for all opinions expressed should be provided. 

In rendering the opinion, the VA examiner is asked not rely solely on the lack of documentation of treatment in service as the basis for an opinion concerning etiology.

3. Schedule the Veteran for an appropriate VA examination to determine the current severity of his service-connected mechanical low back pain, status post segmental injury L5-S1 region. The claims file and a copy of this remand must be made available to and be reviewed by the examiner in conjunction with the examination. All pertinent symptomatology and findings must be reported in detail. Any indicated special diagnostic tests that are deemed necessary for an accurate assessment must be conducted. Any further studies deemed relevant by the examiner must also be conducted. The examiner must record all pertinent medical complaints, symptoms, and clinical findings, in detail. 

The examiner must state whether there is any evidence of favorable or unfavorable ankylosis of the spine, and determine the active range of motion of the Veteran's lumbar spine, in degrees, by use of a goniometer noting by comparison the normal range of motion of the lumbar spine. If pain on motion of the lumbar spine is shown, the examiner must state at what degree the pain begins. The examiner must also state whether there is weakened movement, excess fatigability, or incoordination attributable to the service-connected low back disability, expressed in terms of the degree of additional range of motion loss or favorable or unfavorable ankylosis due to any weakened movement, excess fatigability, or incoordination. Additionally, an opinion must be stated as to whether any pain found in the lumbar spine could significantly limit functional ability during flare-ups or during periods of repeated use, noting the degree of additional range of motion loss or favorable or unfavorable ankylosis due to pain on use or during flare-ups.

4. Notify the Veteran that he must report for the examination(s) and cooperate in the development of the claims. Failure to report for a VA examination without good cause may result in denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2013)

5. After completing the above development, and any other development deemed necessary, readjudicate all claims on appeal taking into consideration any newly acquired evidence. If any benefit sought on appeal remains denied, provide an additional supplemental statement of the case to the Veteran, and return the appeal to the Board for appellate review, after the Veteran and his representative have had an adequate opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).