# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 13-3161

TREMELL L. WARREN, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    May 10, 2016    )

*Glenn R. Bergmann* and *Tiffany Guglielmetti,* both of Bethesda, Maryland, were on the brief for the appellant.

*Tammy L. Kennedy,* Acting General Counsel; *Mary Ann Flynn*, Assistant General Counsel; *James B. Cowden*, Deputy Assistant General Counsel; and *Ronen Z. Morris*, Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, *Chief Judge*, and PIETSCH and BARTLEY, *Judges*.

HAGEL, *Chief Judge*, filed the opinion of the Court. BARTLEY, *Judge*, filed a concurring opinion.

HAGEL, *Chief Judge*: On April 21, 2015, the Court issued a memorandum decision that vacated an August 13, 2013, Board of Veterans' Appeals (Board) decision that denied Tremell L. Warren entitlement to a disability rating in excess of 10% for bilateral onychomycosis[1] and remanded the matter for readjudication. On May 11, 2015, the Secretary filed a motion for reconsideration or, in the alternative, a decision by a three-judge panel. On July 24, 2015, the matter was submitted to a panel of the Court to address whether 38 C.F.R. § 4.118, Diagnostic Code 7806 (Dermatitis or eczema), only accounts for systemic therapy that involves the use of corticosteroids

---

[1] Onychomycosis is a "fungal infection of the toenails or fingernails. It usually is seen first as white patches or pits on the surface or around the edges of the nails, followed by infection beneath the nail plate." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1322 (32d ed. 2012).

or other immunosuppressant drugs. The Court concludes that it does not. The Court will withdraw the April 21, 2015, memorandum decision and issue this opinion in its stead. Accordingly, the Court will vacate the August 2013 Board decision and remand the matter for further development, if necessary, and readjudication consistent with this decision.

## I. FACTS

Mr. Warren served on active duty in the U.S. Navy from June 1984 to May 1999.

In December 2004, Mr. Warren filed a claim for benefits for onychomycosis. In June 2007, a VA regional office granted Mr. Warren a noncompensable disability rating for onychomycosis. Mr. Warren submitted a Notice of Disagreement with that decision.

In August 2007, Mr. Warren underwent a VA skin disease examination. The examiner stated that Mr. Warren has "onychomycosis affecting multiple toes," Record (R.) at 456, and "[w]as started on Lamisil [orally] plus topical antifungals in 2004, and has been on them ever since" to treat that condition, R. at 454. The examiner further opined that the treatment is "systemic" but is "[n]either a corticosteroid or an immunosuppressive [drug]." R. at 456. Subsequent VA and private medical records confirm Mr. Warren's continued daily use of Lamisil.

In November 2007, the regional office granted Mr. Warren a 10% disability rating for onychomycosis. Mr. Warren submitted a Notice of Disagreement with that decision and ultimately appealed to the Board.

In March 2012, the Board issued a decision remanding Mr. Warren's claim to obtain a medical opinion as to whether Lamisil is a corticosteroid or immunosuppressive drug. That same month, Mr. Warren underwent that examination. The examiner noted Mr. Warren's history of treatment for onychomycosis since 2004; stated that "[t]here has been intermittent history [of] oral Lamisil therapy between 2005 and 2006[,] as well as in July 2007, April 2008[,] and August 2008"; and noted that he is "presently on medication at this time." R. at 759. The examiner opined that Lamisil is a systemic type of treatment and that Mr. Warren had been using it daily for "[g]reater than 6 weeks" in the past 12 months, but that Lamisil is "neither [a] corticosteroid [n]or an immunosuppressive [drug]." *Id.*

2

In August 2013, the Board issued the decision currently on appeal. The Board found that "all systemic therapies are not contemplated under [38 C.F.R. § 4.118,] Diagnostic Code 7806," and because "oral Lamisil is not a type of corticosteroid or immunosuppressive drug, a higher evaluation based on the constant use of such is not warranted." R. at 11. This appeal followed.

## II. ANALYSIS

### A. 38 C.F.R. § 4.118, Diagnostic Code 7806

Mr. Warren's skin condition–onychomycosis–is rated analogously under Diagnostic Code 7806, which concerns dermatitis or eczema. Under that Diagnostic Code, a 10% disability rating is warranted when "[a]t least 5[%], but less than 20[%], of the entire body, or . . . exposed areas [are] affected, or[,] intermittent *systemic therapy such as corticosteroids or other immunosuppressive drugs* required for a total duration of less than six weeks during the past 12-month period." 38 C.F.R. § 4.118, Diagnostic Code 7806 (2015) (emphasis added). A 20% disability rating is warranted when "20 to 40[%] of the entire body or 20 to 40% of exposed areas [are] affected, or[,] *systemic therapy such as corticosteroids or other immunosuppressive drugs* required for a total duration of six weeks or more, but not constantly, during the past 12-month period." *Id* (emphasis added)*.* Finally, a 60% disability rating is warranted when "more than 40[%] of the entire body or more than 40% of exposed areas [are] affected, or[,] constant or near-constant *systemic therapy such as corticosteroids or other immunosuppressive drugs* required during the past 12-month period." *Id.* (emphasis added).

Here, after considering the evidence of record, the Board concluded that

> [o]nly systemic therapy such as a corticosteroid or immunosuppressive drug is contemplated by Diagnostic Code 7806, and Lamisil does not qualify as either. If the Diagnostic Code were intended to cover all systemic therapies, it would not include the qualifier "such as" corticosteroids or other immunosuppressive drugs, [and] interpreting Diagnostic Code 7806 to include all systemic therapies would abrogate the qualifying language. Therefore, the Board finds that all systemic therapies are not contemplated under Diagnostic Code 7806.

R. at 10-11. The Board then determined that entitlement to a disability rating higher than 10% under Diagnostic Code 7806 was not warranted based on the use of systemic therapy.

On appeal, Mr. Warren argues that the Board's finding that he is not entitled to a higher disability rating under Diagnostic Code 7806 is clearly erroneous. Specifically, he contends that the

3

Board misinterpreted Diagnostic Code 7806 when it found that the only types of systemic therapy that warrant increased disability ratings are corticosteroids or other immunosuppressive drugs. The Secretary argues to the contrary, asserting that the plain language is clear that the "systemic therapy" provided for in Diagnostic Code 7806 "must involve the use of immunosuppressive drugs." Secretary's Brief at 8.

Determining a statute's or a regulation's plain meaning requires examining the specific language at issue and the overall structure of the statute. *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988)), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994). "On review, if the meaning of the regulation is clear from its language, then that is the 'end of the matter.'" *Tropf v. Nicholson*, 20 Vet.App. 317, 320 (2006) (quoting *Brown v. Gardner*, 513 U.S. 115, 120 (1994)).

As quoted above, the disability rating assigned under Diagnostic Code 7806 may be based on the use of "systemic therapy *such as* corticosteroids or other immunosuppressive drugs." 38 C.F.R. § 4.118, Diagnostic Code 7806 (emphasis added). In *Mauerhan v. Principi*, the Court explained that the phrase "'such as' means 'for example' or 'like or similar to.'" 16 Vet.App. 436, 442 (2002) (quoting WEBSTER'S NEW WORLD DICTIONARY 1337 (3d coll. ed. 1988)). The Court further explained that "[t]he use of the term 'such as' demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating." *Id.*

"[U]nless otherwise defined, words [in a statute] will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). We conclude that *Mauerhan* directly applies to Diagnostic Code 7806 and that, in light of *Mauerhan*, the proper interpretation of Diagnostic Code 7806 is plain. *See Tropf*, 20 Vet.App. at 317. Because "systemic therapy," which is the type of therapy that creates compensability, is connected to the phrase "corticosteroids or other immunosuppressive drugs" by "such as," those drug types do not constitute an exhaustive list of all compensable systemic therapies, but rather serve as examples of the kind and degrees of treatments used to justify a particular disability rating. *Mauerhan*, 16 Vet.App. at 442. Consequently, the types of systemic treatment that are compensable under Diagnostic Code 7806 are

not limited to "corticosteroids or other immunosuppressive drugs." Compensation is available for all systemic therapies that are like or similar to corticosteroids or other immunosuppressive drugs.

The Secretary does not dispute that the *Mauerhan* definition of the phrase "such as" applies here. His argument is essentially that "such as" applies only to corticosteroids. He asserts that "the regulatory language reflected that corticosteroids were intended to be used as an example of systemic therapy involving immunosuppresive drugs." Motion for Reconsideration at 4. He further asserts that the lack of commas separating the "such as" clause from the rest of the sentence and the use of the word "other" restricts the term "systemic therapy." *Id.* at 5. In other words, the use of the word "other" indicates that "immunosuppressive drugs" is the restricting phrase. *Id.* at 5-6. The Court finds this argument unpersuasive.

The Secretary's argument amounts to rewriting Diagnostic Code 7806, such that the phrase "systemic therapy such as corticosteroids or other immunosuppressive drugs" would read as "systemic therapy with immunosuppressive drugs such as corticosteroids." As a result, the word "immunosuppressive" would no longer be an object of "such as" and, thus, would be immune to *Mauerhan*. Reading Diagnostic Code 7806 in that way would circumscribe "systemic therapy." That would be a significant redrafting that would require both sentence restructuring and a grammatically unnatural use of the word "or." As the Court recently noted in a related case, it is not in the business of repairing poorly drafted regulations, and it is not inclined to do so here. *See Johnson v. McDonald*, 27 Vet. App. 497, 504 (2016). Therefore, the Court finds that the most grammatically correct view of the language in Diagnostic Code 7806, as it is now written, is the one set forth by the Court above.

Although the plain meaning controls here, the Secretary repeatedly argues that his litigating position is consistent with VA practice. However, the interpretation of § 4.118 that the Secretary has adopted for the present litigation is the reverse of the interpretation that he has expounded to his employees. The guidelines for rating skin conditions, set forth in the VA Adjudication Procedures Manual (M21-1MR), provide that "[t]he term 'systemic therapy such as corticosteroids or other immunosuppressive drugs,' that is contained in certain [diagnostic codes] under 38 C.F.R. § 4.118, refers to any oral or parenteral medication(s) prescribed by a medical professional to treat the underlying skin disorder." M21-1MR, Part III, subpt. IV , ch. 4, sec. J(3)(f); *but see Johnson*, 27 Vet. App. at 504 (holding that the "use of a topical corticosteroid *is* systemic therapy within the

meaning of Diagnostic Code 7806"). Further, the M21-1MR explicitly states that "[f]or more information on the meaning of 'such as' in the rating schedule, *see Mauerhan v. Principi*, 16 Vet.App. 436 (2002)." *Id.* Mr. Warren demonstrated that the Board applied § 4.118 in this manner on at least two other occasions. R. at 64-73. In sum, the Court concludes that the Secretary's litigating position is both contradicted by the plain meaning of the regulation and unsupported by a consistent VA practice.

Because the Board fails to explicitly make any factual finding as to whether Lamisil is a systemic therapy *like or similar* to a corticosteroid or other immunosuppressive drug to warrant a higher disability rating, the Court concludes that the Board's statement of reasons or bases is insufficient for judicial review.[2] *See* 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). Therefore, vacatur and remand is warranted for readjudication consistent with this decision. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) ( "[W]here the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy"). The Court notes that there is evidence in the record indicating that Lamisil is a systemic type of treatment, R. at 759, and the Board also stated that Lamisil "may be considered a systemic therapy," R. at 10. Thus, on remand, the Board must account for such evidence.

### B. Adequacy of the March 2012 VA Medical Opinion

Mr. Warren also contests the adequacy of the March 2012 VA medical opinion because it is based on the Board's incomplete instructions.[3] However, in light of the above discussion, the Board's reliance on that examination is irrelevant and the Court need not address this argument. As the Court explained, the Board's discussion of whether Mr. Warren was entitled to a higher disability rating under Diagnostic Code 7806 was limited to the question of whether Lamisil *is or is not* a corticosteroid or other immunosuppressive drug, rather than whether Lamisil is *like or*

---

[2] We need not and at present cannot state what properties make a systemic treatment like or similar to a corticosteroid or other immunosuppressive drug. That question awaits a case that is more developed than this one currently is. We do again note, however, that the Secretary, in the M21-1MR, defined a systemic treatment like or similar to a corticosteroid or other immunosuppressive drug to be "any oral or parenteral medication(s) prescribed by a medical professional to treat the underlying skin disorder." M21-1MR, Part III, subpt. IV , ch. 4, sec. J(3)(f).

[3] The Secretary does not address this argument in his brief.

*similar to* a corticosteroid or other immunosuppressive drug. The March 2012 VA medical opinion only answers the former question, not the latter. If, on remand, the Board determines that a medical opinion is necessary to make the latter determination, it must obtain one. *See* M21-1MR, Part III, subpt. IV, ch. 4, sec. J(3)(f).

Also on remand, Mr. Warren is free to submit additional evidence and argument in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). "A remand is meant to entail a critical examination of the justification for the decision" by the Board. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). In addition, the Board shall proceed expeditiously, in accordance with 38 U.S.C. § 7112 (expedited treatment of remanded claims).

### III. CONCLUSION

Upon consideration of the foregoing, the August 13, 2013, Board decision is VACATED and the matter is REMANDED for further development, if necessary, and readjudication consistent with this decision.

BARTLEY, *Judge,* concurring in the result: Although I agree with the majority that remand is warranted in this case, I disagree that the phrase "systemic therapy such as corticosteroids or other immunosuppressive drugs" requires evidence only of "systemic therapy" of a certain duration to "create[] compensability" and that the remainder of the phrase provides a nonexhaustive list of types of qualifying systemic therapy. *Ante* at 4. Absent commas setting off "such as corticosteroids or other immunosuppressive drugs" from "systemic therapy," the natural reading of the phrase is that only systemic therapy with immunosuppressive drugs, including corticosteroids, would satisfy this portion of the DC. Put another way, whereas the majority views "systemic therapy" as unrestricted by the words that follow, I view "systemic therapy" as restricted to immunosuppressive drugs, of which corticosteroids are one example. To read the phrase as the majority does reduces the clause following "systemic therapy" to mere surplusage and ignores the qualifier "other" preceding "immunosuppressive drugs." *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (describing the duty of courts "to give effect, if possible, to every clause and word of a statute" so as to avoid an

interpretation that renders portions of the statute superfluous (internal quotation omitted)); *see also Begay v. United States*, 553 U.S. 137, 142 (2008) ("[I]f Congress meant the statute to be all encompassing, it is hard to see why it would have needed to include the examples at all.").

Notwithstanding my disagreement with the majority's interpretation of DC 7806, I concur that remand is necessary in this case because, as my colleagues note, VA has interpreted the phrase "systemic therapy such as corticosteroids or other immunosuppressive drugs" in that DC to mean "'any oral or parenteral medication(s) prescribed by a medical professional to treat the underlying skin disorder.'" *Ante* at 5 (quoting M21-1MR, Part III, subpt. IV , ch. 4, sec. J(3)(f)).  Given the evidence of record that establishes that Mr. Warren is receiving systemic therapy that is orally ingested, R. at 454, 456–i.e., evidence that appears to satisfy VA's own definition of the phrase "systemic therapy such as corticosteroids or other immunosuppressive drugs"–I agree with my colleagues that the Board provided inadequate reasons or bases for denying a disability evaluation for bilateral onychomycosis in excess of 10% under DC 7806.