Citation Nr: 1714087 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 13-00 024A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan


THE ISSUE

Entitlement to a higher initial disability rating (or evaluation) in excess of 10 percent for pseudofolliculitis barbae.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran (Appellant)


ATTORNEY FOR THE BOARD

E. Blowers, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from January 1980 to May 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by the RO in Detroit, Michigan, which granted service connection for pseudofolliculitis barbae and assigned an initial noncompensable (0 percent) disability rating, effective October 30, 2008, the date of claim for service connection. In a subsequent August 2009 rating decision, the RO assigned a higher initial disability rating of 10 percent for pseudofolliculitis barbae, for the entire period from October 30, 2008. 

The case was previously before the Board in February 2016, where the Board denied an initial disability rating in excess of 10 percent for the service-connected pseudofolliculitis barbae. The Veteran appealed the higher initial rating denial to the United States Court of Appeals for Veterans Claims (Court). In an Order dated October 2016, the Court granted a Joint Motion for Remand (JMR), which remanded the issue on appeal back to the Board for development consistent with the JMR. In pertinent part, the parties agreed that the Board erred in failing to provide adequate reasons or bases concerning whether the Veteran's use of Doxycycline, an oral antibiotic, qualified as a systemic therapy "like or similar to" a corticosteroid or other immunosuppressive drug. In compliance with the JMR, the Board now remands the issue on appeal to schedule the Veteran for a new VA skin examination and opinion. This additional development is required in order to provide an adequate statement of reasons and bases in the analysis of the issue on appeal. See Forcier v. Nicholson, 19 Vet. App. 414 (2006) (the Board is required to address the clear and specific instructions of a Court order).

In November 2015, at a Board videoconference hearing, the Veteran testified from the RO in Detroit, Michigan, before the undersigned Veterans Law Judge in Washington, DC. The hearing transcript has been associated with the record. The instant matter is a Veterans Benefits Management System (VBMS) appeal. The Board has reviewed both the VBMS and the "Virtual VA" files so as to insure a total review of the evidence. The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 


REMAND

Skin Examination and Opinion

VA's duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. Floyd v. Brown, 9 Vet. App. 88, 93 (1996). VA must afford a veteran a medical examination and/or obtain a medical opinion when it is necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. 
§ 3.159(c)(4) (2016). Further, a veteran is entitled to a new VA examination where there is evidence that the condition has worsened since the last examination. Weggenmann v. Brown, 5 Vet. App. 281, 284 (1993); Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95. To that end, when VA undertakes to either provide an examination or to obtain an opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

Pursuant to Warren v. McDonald, 28 Vet. App. 194, 197 (2016), compensation is available for all systemic therapies that are "like or similar to" corticosteroids or other immunosuppressive drugs. In this case, as noted in the October 2016 JMR, the record reflects that during the relevant period on appeal Doxycycline was used to treat the service-connected pseudofolliculitis barbae. As Doxycycline is an oral antibiotic, a medical opinion is necessary concerning whether Doxycycline is "like or similar to" a corticosteroid or other immunosuppressive drug.

Further, the Veteran last received a VA skin examination in August 2012. Per the February 2016 decision, the Board found the examination to be adequate and that no further VA skin examination was necessary. This finding does not appear to have been disturbed in the October 2016 JMR; however, in a March 2017 Informal Hearing Presentation (IHP), at the November 2015 Board videoconference hearing, the Veteran's representative argued that the Veteran reported having progressively worsening skin symptoms since the August 2012 VA skin examination. The representative requested that the case be remanded for a new VA skin examination. As the case is being remanded for a VA opinion, the Board will also order a new VA skin examination. 

Outstanding Treatment Records 

VA should obtain all relevant VA and private clinical documentation that could potentially be helpful in resolving the issues. Murphy v. Derwinski, 1 Vet. App. 78, 81-82 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). On remand the AOJ should obtain any outstanding VA treatment records for the period from February 2014.

Accordingly, the case is REMANDED for the following action:

1. Associate with the record all VA treatment records pertaining to the treatment of the service-connected pseudofolliculitis barbae that are not already of record, for the period from February 2014.

2. Schedule a VA skin examination to assist in determining the current level of severity of the service-connected pseudofolliculitis barbae. 

 A) The VA examiner should report the extent of the pseudofolliculitis barbae in accordance with VA rating criteria.

 B) Further, whether or not the Veteran is currently using Doxycycline and/or any other oral medications to treat the service-connected pseudofolliculitis barbae, the VA examiner should opine as to whether Doxycycline, and any other oral medications taken by the Veteran to treat the service-connected pseudofolliculitis barbae during the relevant period on appeal, if applicable, is "like or similar to" a corticosteroid or other immunosuppressive drug.

3. Then, readjudicate the issue of a higher initial disability rating (or evaluation) in excess of 10 percent for pseudofolliculitis barbae. If any benefit sought on appeal remains denied, the Veteran and representative should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
J. PARKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).