Citation Nr: 21049990
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 14-34 351A
DATE: August 13, 2021

ORDER

Entitlement to a separate rating of 10 percent for degenerative joint disease of the left hip with limitation of flexion from May 17, 2019 is granted.

REMANDED

Entitlement to an increased rating in excess of 20 percent for degenerative joint disease of the left hip with limitation of abduction from May 17, 2019 is remanded.

Entitlement to an increased rating in excess of 10 percent for degenerative joint disease of the left hip with limitation of flexion from May 17, 2019 is remanded.

FINDING OF FACT

From May 17, 2019, the probative evidence of record shows the Veteran's left hip disability was additionally limited by flexion limited to 45 degrees. 

CONCLUSION OF LAW

The criteria for a separate rating of 10 percent, but no higher, for degenerative joint disease of the left hip with limitation of flexion from May 17, 2019 have been met. 38 U.S.C. §§ 1155, 5103A, 5107; 38 C.F.R. § 4.71a, 38 C.F.R. § 4.71a, Diagnostic Code 5252.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the United States Navy from February 1991 to July 1993. In October 2017, the Veteran was provided a hearing with the undersigned Veterans Law Judge and a transcript of the proceeding is of record. 

Most recently, an April 2020 Board decision granted a 20 percent rating, but no higher, for the Veteran's left hip disability based on limitation of abduction from May 17, 2019 and denied a rating in excess of 10 percent prior to May 17, 2019. In March 2021, the Veteran appealed the decision for the period from May 17, 2019 to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Partial Remand (JMR), the Court vacated, in part, the April 2020 Board decision. The JMR found that the Board did not provide adequate reasons and bases for the decision. Specifically, the Court found the Board did not explain why the Veteran's condition did not also warrant a separate rating for left hip limitation of flexion under the diagnostic criteria, to include no determination on whether it was pyramiding. 

Increased Rating

Disability ratings are determined by applying the criteria set forth in the Department of Veterans Affair (VA) Schedule for Rating Disabilities. 38 C.F.R. Part 4. The Board determines the extent to which a veteran's service-connected disability adversely affects his/her ability to function under the ordinary conditions of daily life, and the assigned rating is based, as far as practicable, upon the average impairment of earning capacity in civil occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.10 (2017). Where there is a question as to which of two ratings should be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Generally, the degree of disabilities specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. However, the evaluation of the same disability under various diagnoses, known as pyramiding, is to be avoided. 38 C.F.R. § 4.14.

Additionally, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). In a claim for a greater original rating after an initial award of service connection, all of the evidence submitted in support of the veteran's claim is to be considered. See Fenderson v. West, 12 Vet. App. 119 (1999); 38 C.F.R. § 4.2. However, consideration must be given as to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. See Fenderson v. West, 12 Vet. App. 119 (1999); see also Hart v. Mansfield, 21 Vet. App. 505 (2007).

Further, when evaluating joint disabilities rated on the basis of limitation of motion, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and those factors are not contemplated in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59; DeLuca v. Brown, 8 Vet. App. 202 (1995). The United States Court of Appeals for Veterans Claims (Court) clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011). Instead, the Mitchell Court explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance (38 C.F.R. § 4.40), as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing (38 C.F.R. § 4.45). 

Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors in the regulatory provisions cited above. In evaluating the severity of a joint disability, VA must determine the overall functional impairment due to these factors. The provisions of 38 C.F.R. § 4.59, which relate to painful motion, are not limited to arthritis and must be considered when raised by the claimant or when reasonably raised by the record. Burton v. Shinseki, 25 Vet. App. 1 (2011). 

Entitlement to an Increased Rating: Left Hip Disability

The Veteran's service-connected left hip disability is currently rated as 20 percent disabling from May 17, 2019 under Diagnostic Code (DC) 5253 for the Hip and Thigh. 

Under Diagnostic Code 5252, a 10 percent disability rating is for flexion of the thigh that is limited to 45 degrees; a 20 percent rating is for flexion of the thigh that is limited to 30 degrees; a 30 percent rating is for flexion of the thigh that is limited to 20 degrees; and a 40 percent rating is for flexion of the thigh that is limited to 10 degrees. Id.

Under Diagnostic Code 5253, impairment of the thigh may be rated based on limitation of abduction, limitation of adduction, or limitation of rotation. A 10 percent rating will be assigned for limitation of rotation where the individual cannot toe-out more than 15 degrees on the affected leg, or for limitation of adduction where the individual cannot cross the legs. A 20 percent rating will be assigned for limitation of abduction where there is motion lost beyond 10 degrees. Id.

In May 2019, the Veteran was seen at the VA medical center. The Veteran complained of chronic left groin pain from the hip area. The physician noted that the Veteran had no tenderness to palpation around the hip and full range of motion. However, he had pain in the groin at the hip when internally rotated and taken from flexion to extension, which was consistent with a snapping hip. The physician noted the Veteran had a labral tearing of the hip and left snapping hip syndrome. VA medical records dated in July 2019 and October 2019 show that the Veteran reported that his left hip pain was an 8 on a scale of 1 to 10, with 10 being the worst. 

In October 2019, the Veteran received another VA examination. The Veteran reported that the pain that had gotten progressively worse and barely being able to walk with trouble due to pain and stiffness. He further reported that his left hip pops when he walks, and pain is present constantly. He also reported that the pain worsens in cold weather, as well as difficulty with ambulation, inability to squat, and difficulty getting into chairs. The Veteran's ROM was flexion to 45 degrees, extension to 10 degrees, abduction to 20 degrees, adduction to 10 degrees, external rotation to 20 degrees, and internal rotation to 10 degrees. Adduction was limited such that the Veteran could not cross his legs. The examiner noted ROM itself did contribute to functional loss, which included difficulty getting on and off the examination table and in pain when ambulating around the examination room. Pain noted on examination did cause functional loss and he exhibited pain in all ROM. There was pain on weight bearing. There was no objective evidence of crepitus. The Veteran was unable to perform repetitive testing with at least three repetitions due to increased pain with movement. The Veteran was not being examined immediately after repetitive use testing or during a flare-up; however, the examiner noted the examination was medically consistent with the Veteran's statements describing function loss with repetitive use over time and during flare-ups. The examiner noted pain did significantly limit functional ability with repeated use over time and with flare-ups. There were no additional factors contributing to the disability. There was reduction in muscle strength. There was no muscle atrophy or ankylosis, as well as no malunion or nonunion of the femur, flail hip joint, or leg length discrepancy. The Veteran did have constant need for use of a cane. There was also objective pain on non-weightbearing.

In January 2020, the Veteran visited the VA medical center. He reported chronic pain in his hips that was a 7 out of 10, with 10 being the worst. However, he reported he was able to function effectively on the current treatment plan. The Veteran did have impairment or difficulty rising to stand and used touch for balance. The Veteran was still able to walk frequently. 

After review of the evidence of record, the Board finds that separate rating of 10 percent, but no higher, is warranted for the Veteran's left hip limitation of flexion from May 2019. The Board finds that the evidence of record shows that the Veteran not only has suffered from limitation of abduction, but also from limitation of flexion from May 17, 2019. 

Regarding the Veteran's additional left hip disability with thigh impairment of limitation of abduction, the Board will be discussing the condition in the remand portion below. 

In light of the foregoing, the Board concludes that a separate rating of 10 percent is warranted for left hip disability with limitation of flexion from May 17, 2019. The benefit of the doubt doctrine has been applied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F.3d 1361 (Fed Cir. 2001). 

REASONS FOR REMAND

Although the Board sincerely regrets further delay, a remand is required to afford the Veteran every possible consideration. 

Entitlement to an Increased Rating: Left Hip with Limitation of Abduction, Left Hip with Limitation of Flexion

In June 2021, the Veteran submitted a statement. The Veteran reported that his left hip condition has gotten worse with severe symptoms. The Veteran reported not being able to lift his left leg forward or backward and an inability to cross legs. He further reported that his doctor has recommended a left hip replacement, of which scheduling is underway. He also reported additional daily pain and discomfort and continued treatment at the VA medical center. The Board notes that the evidence of record does not contain any medical records after January 2020. 

Therefore, due to the Veteran reporting worsening symptoms, as well as the record not containing medical evidence relevant to the Veteran's condition since January 2020, the Board finds a remand is required in order to obtain a new VA examination and additional medical records to determine the current severity of the Veteran's condition. See Weggenmann v. Brown, 5 Vet. App. 281 (1993). 

The matters are REMANDED for the following action:

1. Obtain and associate with the Veteran's electronic claims file any outstanding VA treatment records relevant to the Veteran's claims.

2. After all outstanding records have been associated with the claims file, schedule the Veteran for a VA examination with an appropriate examiner to determine the current severity of the Veteran's left hip disability.

The examiner should discuss all findings in terms of the Schedule of Ratings for the Hip and Thigh, Diagnostic Codes 5250-5255. The pertinent rating criteria must be provided to the examiner, and the findings reported must be sufficiently complete to allow for a rating under all alternate criteria.

The examiner should further determine whether any left and hip disability is manifested by weakened movement, excess fatigability, incoordination, flare-ups, or pain. If feasible, the examiner must assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss, using lay observations specifically elicited from the Veteran for each disability. The examiner should also determine whether the Veteran's additional impairment on flare-ups or repetitive use is the functional equivalent of ankylosis of the hip. 

In offering any opinion, the examiner must consider the full record, to include the lay statements regarding symptoms and the opinion should note that consideration. A clearly stated rationale must be provided for any opinion offered. 

 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Negron, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.